Last case on the docket this morning is But but reverse the spats cause number 5-10-06 13 You may please support I'm Edwina Warner from Benton and I represent the appellant Jeff This case is about what's in the best interest of a 14 year old young man Who will be 15 and just four months from today? His parents are Jeff Bats and Patricia Butler Carson is a son that any parent would be proud of He's smart and has been an excellent student all his life He's a gifted athlete and has been very successful in the sports activities that he loves He's healthy well adjusted and is usually a cheerful happy young man He's just now finishing his eighth grade year, and he'll be going to high school August of this year His family had lived in Benton all his life when his parents divorced in 2004 Carson was seven years old at that time and his older brother Brandon was 14 Parents agreed to have joint custody of the two boys and the mother was designated as the primary residential parent The family continued to live in Benton and the father was very involved in the daily lives of the children three years after the divorce in 2007 Patricia remarried and moved to Harrisburg Taking Carson with her at the same time Carson's older brother Brandon moved to Carbondale Carson continued to do well in school, but he missed having daily contact with his father He missed seeing his brother Brandon as often as he had before and he missed his friends and family in Benton He also began to have some difficulties with his In 2009 Carson started to tell his father and some other people that were close to him that he wanted to live with his father in Benton by 2010 Carson was seriously Unhappy with his living situation at his mother's home, and he started talking more often and more strongly about Live with his father in Benton At the same time Carson was growing into puberty and he really wanted to be closer to his father He wanted to share those things with him that a young man wants to share with his father as he is becoming a man There were so many things that Carson shared with his father and his brother Brandon That he does not share with his mother and his stepfather Carson just wanted what every What most every other 14 year old boy wants to be closer and spend time with a father who is loving Supportive and attentive to him as he goes through the changes that take place in his life at that time Carson had a father like that Who listened to him and then tried to pursue the proper legal course of action to change Carson's primary? residence The trial court denied the father's petition Even though the guardian ad litem recommended that the petition Be granted and an in-camera interview with Carson was very persuasive in favor of the modification That decision was against the manifest way to the evidence and should be reversed. It was manifestly unjust To this young man whose life was most affected by that decision The law that is applicable To this case involves a two-step process And the father was required to establish the elements of his case by clear and convincing evidence To put our argument very succinctly We have to be convinced that the on that two-step process the trial court followed the opposite conclusion is clearly apparent And I believe that that is the case your honor in this case That's our argument the father did prove what he was required to prove on each element of his case the first step is to establish that there's been a Substantial change of circumstances since the prior custody order and that change is related in the child's best interest There can be no doubt that the father did establish that such a change had taken place Carson's life as he had known it changed in 2007 when he was 10 and his mother remarried and moved to Harrisburg not that there's anything wrong with Harrisburg But Carson had a new home New community a new school and new family situation including a stepfather that he had to live with He had less time with his father less time with his grandmother and his other close family members in Benton Less time in Benton which he considered to be his hometown Less time with his brother Brandon who began living in Carbondale and rarely came to Harrisburg Because he had developed a strained relationship with his mother and his stepfather So Brandon came to Benton as frequently as he could and saw Carson there as time went on Carson's relationship with his mother and stepfather also deteriorated in addition to these changes By 2010 Carson had grown from a young child of seven to a young man of 14 And he had developed a very strong desire to live with his father This is a very important change that can by itself Serve as a sufficient change of circumstances to support a change of custody It is clear that a custodial arrangement that is in the best interest of a small child May not be in the best interest of a 14 year old young man As our children grow and mature their needs change Our legal system has to be able to be flexible enough to allow custodial arrangements to be changed to accommodate those changing needs of the child Probably the biggest change for any child is the period of puberty When they go from being children to young adults This of course is a difficult time in the life of any child A time when they have experiences and make choices that will affect the rest of their lives Clearly, this is the time in the life of a child of divorce When we must see that he has the custodial situation That best serves his needs and his interests and that gives him the best chance to navigate those difficult teenage years Closely related to this issue is the consideration of the stability of the child's environment in a custody modification case Illinois courts have emphasized the importance of maintaining stability in a child's life That seems to have been the overriding consideration of the trial court in this case when it denied the father's petition If we recognize as we must that the needs and wishes of a 14 year old young man may be quite different From the needs and wishes of a seven-year-old child Shouldn't the custody arrangement be changed to meet the child's current needs and best interests? Isn't our guiding star Supposed to be that we try to do what's in the best interest of the child, even if it means making a change The fact that Carson has continued to be a well-adjusted child and a successful student Does not mean that there has not been a substantial change of circumstances in his life And that he should stay where he is just because he's been there since the divorce The fact that it's obvious in this case and it was overlooked by the trial court Is that there is absolutely no threat to the stability of this young man's life He is allowed to live primarily with his father His father has an appropriate home and a close loving family where Carson feels loved and accepted and supported He would be living with his extended family, which is important to him He's always had a close relationship with his father and he will certainly maintain a close relationship with his mother Carson will continue to be the excellent student that he has always been both in Benton and Harrisburg His father has always encouraged and motivated his sons to succeed in school Carson will continue to be the well-adjusted motivated popular boy that he has always been That was really never in dispute in this case His primary residential parent has never been changed since the divorce in 2004 And it will not change again If this change is made, he will stay as he is then until he becomes an adult With regard to his adjustment to his school and community The boy will be going back home to the hometown that he loves and where he feels most comfortable The trial court's reliance on stability in this case was clearly against the manifest weight of the evidence It was an example of a court mechanically denying the father's petition on the basis of maintaining the stability of the child While ignoring the evidence of the changes that had taken place In the child's life the recommendation of the guardian ad litem the uh, he's been in Harrisburg since 2007 Yes, and uh all the evidence is that he's he's done fine in school with friends or all those kind of things Is that that's that's basically true as far as adjusting to this different community? That's basically true your honor There was evidence though and primarily from carson himself that he was very unhappy living with his mother in here Well, and really doesn't it boil down to his desire? I mean as far as all the factors, it's carson's desire as opposed as opposed to His ability to adjust at either place. That's true. That's very true your honor And you know my primary point here is that the father proved that there were substantial changes in his circumstances That affected his best interest. We feel like we proved that there were a number of things that had changed for him Primarily the fact that he had grown older his needs had changed and he wanted to live with his dad The second issue is the best interest and that's where his wishes You know are are and should be the deciding factor because basically everything else was fairly equal Um, he he did well in baton when he was there Would you say then just as a general rule of law everything else being equal? 14 year old child gets to choose where he lives I wouldn't go that far your honor. That's that's certainly not what the law is. That's not what the law is. No The law is not that a child gets to Child's wishes are controlling the child doesn't get to go where he wants to go just because that's his wish however This child is 14 And the law is that a child's wishes are a factor under section 602 And when a child is 14 And is a mature Intelligent child who has good reasons for his wishes. His wishes are supposed to be given serious consideration And um, if ever there was a child whose wishes should be given very strong consideration, it's carson batts He has You know the maturity and his reasons are good Um, he expressed them very well in his in-camera interview, even though that was extremely limited by judge desmond But the guardian ad litem Who was charged with determining what's in the best interest of the child recommended that the change be granted and It just makes sense that when he actually just forwarded pretty much Said what i've said a minute ago, didn't he pretty much said everything else is pretty much equal So let him live where he wants to live. I mean, that's pretty much what that's pretty much And if you're looking at the best interest factors Uh, your honor that that makes sense If you're looking at the best interest factors and everything else is kind of, you know Even and equal and the child strongly wishes to live with with his father and he has good reasons for that He's 14 years old almost 15 and he You know, he he has good reasons for that. It's not just that he wants to live with his father He wants to go back home to benton where his family is where he sees his brother There are other factors that also enter in there that are in his best interest to be there So why shouldn't that be the deciding factor in that situation? No um You know I get back to our reminding you of our standard of review in which we have to Give great deference to the trial court's decision. I'm sure you understand that I do understand that But in this case the trial court was wrong the trial court Uh basically said the child is doing fine where he is Uh, and I don't care about his wishes And so, you know i'm constrained by stability and he should stay where he is and that's just wrong The child is not okay where he is. He's not happy there. He's has problems at his home. He said in his interview I feel like um It's cold there. I don't feel you know, I go to my room and shut the door. I don't interact with people He said i'm only unhappy when I am at home Now, you know, we don't always cater to the child's happiness. I'm not saying that but i'm saying that um You know, we if we're looking at the best interest of this child and we've proven there's been substantial changes in circumstances uh The court should have granted the petition um There there were no other factors that really outweigh the wishes of the child when it comes to the best interest factors So It's a healthy and normal thing for a teenage child to Young man and woman to want to live with the same sex parent when he reaches adolescence This is a good thing and we should encourage that's it's good for him to want to Learn to be a man by being with his father And should we say no to him because he's a good student because he's well behaved and having no problem major problems where he is Is this tantamount to punishing him because he's a good kid Um, the decision was wrong. He needs to be with his dad And there's no reason for him not to be with his dad and all the evidence did Show that we had proof we proved the elements that we were required to prove And carried our burden of proof in this case your honor. Thank you Thank you. Ms. Warner, uh, mr. Murphy Yes Your honor the issue your honors the issue on appeal is whether or not the decision of the trial court to deny the petition of modifying custody Should be affirmed As this as the court has already noted during miss warner's argument The precise issue is whether or not The trial court committed a clear abuse of discretion The board's decision was contrary to the manifest way of the evidence We respectfully submit your honors that neither of those circumstances is present in this case The Petition to modify custody because it was More than two years after the initial custody determination is of course Governed by section 610 b of the marriage and dissolution of marriage act It does require the moving party to prove by clear and convincing evidence that a Change in the circumstances of the parties and or the minor child has occurred Subsequent to the initial custody determination And b that as a result of the change in circumstances Modification of Custody is necessary to serve the minor child's best interest we respectfully submit your honors that the argument presented on appeal And the evidence presented at trial doesn't satisfy those standards and we also respectfully submit your honors that the uh Argument presented on appeal and the evidence at trial does not support a finding about the support that judge desmond committed a clear abuser of discretion or made a decision that was Contrary to the manifest way of the evidence When you feel that judge desmond in his written order specifically set out the 16 b Standard and said it was not met. Yes, sir Yes When you peel back the The respondent's argument at trial and on appeal your honors what it boils down to is what this court Pointed out during this warner's argument, but the only change of circumstance that was alleged Was the preference of the minor child There there is nothing else in the in the evidence in the record An argument that relates to a change in circumstances other than his Preference now to live with his father Everything else everything all the evidence at trial all the argument in the record is ancillary your honors to the fact carson wants to Have his custody changed The law is quite clear That A child's preference is to be considered, but it certainly isn't controlling again As this court pointed out a 14 year old does not decide his destiny when it comes to custody And for that matter, neither does the gaf You know The trial court does not advocate his responsibility to make a custodial decision to a guardian a lot more 14 year old child the um The fusting and sequel cases cited in the appellee's brief Also stand for the uh, excuse me Before I go there. I just want to again point out that The 610b standard which again judge desmond specifically ruled had not been met Was Defined in a in the fusting case and there's a presumption created by Section 610b, of course in favor of the present custodian and the fusting court Stated this section reflects an underlying policy favoring the finality of child custody judgments and creating a presumption In favor of the present custody so as to promote stability and continuity in the child's custodial and environmental relationships and the trial court ruled that That standard had not been met. And of course again, this court has already pointed out the trial court's Decision is is uh entitled a great deference So the only change in circumstances under the first prong of 610b Is the child's preference and again That is insufficient to warrant a change In custody, it's also noted that Any allegation that even if there were a change in circumstances that any allegation that the Change in circumstances requires the modification of custody to serve the child's best interest is simply not supported by the record Carson's thriving in every aspect of his life He's doing well academically, socially Athletically There's no part of his life In which he's not thriving. There has been not one scintilla of evidence produced alleging any abuse or neglect by his mother the appellee His best interest is being served by the stability in his life Um the record reflects The father has had seven or eight jobs since The divorce he's been married twice he's Stayed for extended periods of times in different locations Some of which were outside the state of illinois some up in the metro east area Patricia butler has maintained stability for Carson The um the case I was getting or the cases I was getting to is that A we don't believe there's a change in circumstances approved b even if Arguendo there was a change in circumstances It's not necessary to modify custody in order to serve the child's best interest The the fusting and the sequel court stated specifically that even if the court finds a change in conditions That change alone Is not uh sufficient warrant modification of custody absent of finding that The child's best interest and his welfare must be served by modification So the fact that carson is doing so well Uh, the fact that he has expressed desire to change custody Doesn't warrant the modification because there's no demonstration that Modification would be necessary to serve his best interest That was the crown I stand corrected that was the crown over and the seagull cases Uh That Stated that the child's preference alone are is insufficient And relating to the child's preference, uh, your honors the court did Recognize and acknowledge Of the child's custodial preferences that did that through the camera interview Judge jessman specifically followed the statute to ascertain the child's preferences as to the Preference as to the custodial circumstances If the court considered it through the gal report by the way it's interesting because The respondent at trial resisted the appointment of a guardian advisor for the child. It was the athlete who Requested the guardian advisor and the father opposed that Again the court clearly knew carson's preferences in addition to the report from the gal And the in-camera interview the records were complete with testimony That was allowed as an exception to hearsay to the child's mental state to Ascertain his preferences every witness there on behalf of the respondent Testified about remarks made outside the court at by carson, um in connection with his Custodial preferences so the court was well aware of it. But again, the seagull and crown over cases demonstrate that this preference alone is insufficient to warrant a change in custody um As to the significance of uh, the court's denial of The petitioner's notion for a directive binding at the close of the respondent's case The position set forth in the appellant's brief is simply incorrect Um The court as this is our supreme court stated in the co-pennis case which is cited The court's uh What's that motion is denied motion for a directive finding is denied the case moves forward as if the motion had never been made It doesn't carry any legal significance after that court hears the case in its entirety and then rules um The court's denial of the motion was only to let the case proceed uh, and it's noteworthy your honors that the uh, That the trial court when the motion was initially actually it wasn't made of This this council announced he was going to make the Motion for a directive finding and judge desmond is the record precise simply said summarily I'm not going to grant that in a custody case without even hearing argument. He said i'm not going to do it in a custody case He didn't make any specific finding until later, but he did that for the record but the Excuse me. The appellant would have this court believe it in his brief that the denial of that motion was tantamount to a finding that section 610 b standards had been met when That's specifically contrary to the language in judge desmond's order if you extrapolate The argument in the brief by the appellant that the denial of the motion showed That 610b had been met You know anytime a motion for a directive finding Was denied You just enter judgment for the point There wouldn't be any reason to proceed. So that's clearly not the law and that and That point is just simply incorrect There was also a point made About the fact that carson was not permitted to be called as a witness the Carson was never disclosed as a witness in in discovery and written discovery There was a pre-trial order following this case on august 24 2010 That required all written discovery to be completed by october 1 2010 And all discovery to be closed by october 29 2010. The trial dates were november 15 and 17 2010 Carson was never disclosed as a witness The court properly interpreted the supreme court rules to preclude the unit as being called as a witness and The respondent at trial did not make an offer of proof and You know, the law is quite clear. If you don't make an offer of proof, there's there's no reason there's no basis For you to complain on appeal I excuse me, I would be remiss I the day before yesterday Came across the case decided by the appellate court sitting in the third district Is that this is a case that's not cited in your brief. It is not okay You'll have to do mr. Murphy is file a motion for leave to File a supplemental Citation if you desire to do so. Thank you, your honor. I bet you're not allowed to argue something. That's not it Thank you. Your honor. Yeah, I was going to distinguish it. I don't want to cite it Good thing I stopped doing it. I'll be glad not to argue that The last point I want to make in your arms Is that That there was a point raising that The trial court was improperly influenced by the timing of the father's petition to modify custody This divorce was granted in early 2004 No child support order was entered The appellee the petitioner at trial Filed her petition to establish child support In may of 2010 The respondent argued that for months preceding that in 2009 and beyond Carson had made this preference of his for custody of the parent In may 2010 we filed a petition to establish child support In july 2010 there's a petition to modify custody there is An irony at least if judge Desmond noted it and the court in fusting noted it too that it It's proper that he noted it that there was some Reason to consider the timing of the petition to modify custody for the first time After six years without a child support order Thank you, thank you, mr. Murphy any rebuttals miss warner With regard to the Point made by mr. Murphy about the motion for the directive verdict at the end of the father's case The judge did deny that motion made by mr. Murphy Uh, and that was in effect a finding that the father had at that point established a primate patient case For the custody modification by clear and convincing evidence My argument with regard to that point is that if you examine the evidence presented by the mother Uh in her case and the in-camera interview with the child that happened after that uh, I I do not believe and I would argue that it's it's Clear that the mother did not successfully overcome The primate patient case that was established by the father um We raised some other issues in our brief definitely, we feel that the in-camera interview of the child was not Adequate and the court should have inquired into a number of areas that the court didn't inquire into there was no offer of proof There was no offer of proof That if if the court would have inquired what would have happened if the court would have inquired Further with the child. That's true. I did not And you were present during the interview. Yes. Did you suggest questions that the court refused to ask the court refused to allow us to To propose questions for the court. It's in the record uh The court the court said i'm gonna i'm gonna limit this but I don't recall anybody saying I want to suggest questions No, we had I had asked if we could make questions and the judge had said no I I don't know if that's in the record or not Or if that was at a moment when we were having a recess or something But the judge doesn't refuse to allow us to submit questions um In summary, I would just like to argue again that We did establish by clear and convincing evidence there that there had been significant changes in this child's life um, and I do not think you can deny that the custodial arrangements for a seven-year-old child that That meet the needs of a seven-year-old child are necessarily the same that meet the needs of a 14-year-old boy and the wishes of the child While it is clear under illinois law that that is not Automatically controlling in any case it should be very strongly considered When the child is a child like carson baths and it wasn't that was not given the consideration that it should have been given And you know when we have a situation like this, when are we going to let a 14-year-old boy decide where he wants to live? um You know When we have a situation where the child's doing really well, does that mean? Because he wants to live with the other parent. He just can't I do not think that is should be the law in this state Uh, we need to be flexible enough to allow a child who's that age Who's mature and has good reasons for wanting to live with the other parents, especially the same-sex parent when he's a 14-year-old boy um We don't know what harm may be caused to this child because he's not allowed to live with his father so um I would ask you to please review This very carefully and please reverse this decision. Thank you Okay, uh, thank you both for your briefs and your arguments and of course as with all cases That we hear we will review this case very carefully. This is a rule 311a appeal Expedited appeal our decisions due may 26th, and we'll be meeting that date